IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 01-31031
Summary Calendar
_____


ROSA J. DUPRE,

                                                    Plaintiff-Appellant,

versus

WEST BATON ROUGE PARISH SCHOOL BOARD,

                                                    Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Middle District of Louisiana
(00-CV-358-M2)
---------------------
June 28, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Rosa J. Dupre appeals the judgment of the district court dismissing her action with prejudice and at her cost, based on the jury verdict rejecting her claim of racial discrimination by Defendant-Appellee West Baton Rouge Parish School Board ("the Board") in not promoting her from assistant principal to principal of the Port Allen (Louisiana) Elementary School ("the School"). In addition to her contention that there is insufficient evidence to support the jury's verdict, Dupre complains of several

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidentiary rulings by the court, and of the court's dismissal of her state law claim for intentional infliction of emotional distress. Perceiving no abuse of discretion in the court's evidentiary rulings, sufficient evidence to support the factual findings of the jury, and no error in dismissing Dupre's state law tort claim, we affirm.

## I. **FACTS AND PROCEEDINGS**

Dupre, a black female, was assistant principal at the School when a notice of vacancy was issued for the position of principal. The notice listed qualifications as:

> Applicant must hold a valid Louisiana certificate with Principal Endorsement. Previous Elementary/High School administrative experience required. Applicant must meet qualifications at the time application is filed.

The notice required that applications be submitted by noon on a date four days after the date of the notice, and Dupre timely filed her application. It reflected that she met all qualifications for the principal's position.

Five persons applied. The Board's hiring committee, comprising two white females (one of whom was the superintendent of schools for the parish) and one black male, recommended another applicant, Michelle Kaufman, a white female with less experience and lesser objective qualifications than Dupre and —— according to Dupre —— an absence of one or more of the minimum qualifications for application as of "the time the application [was] filed."

2

Three days following the application deadline, Dupre learned of Kaufman's selection for the principal's position. Within a matter of weeks, Dupre filed a discrimination charge with the EEOC claiming intentional racial discrimination by the Board in not promoting her to principal of the School. The following spring she received a right-to-sue letter from the EEOC and filed the instant action two weeks later, asserting that Kaufman was substantially less qualified and was selected over Dupre solely because Kaufman is white and Dupre is black. Dupre advanced federal causes of action under Title VII, 42 U.S.C. §§ 1981, 1983, the Equal Protection Clause of the Fourteenth Amendment, and, under state tort law, intentional infliction of emotional distress. After entry of the judgment in favor of the Board based on the jury's verdict, Dupre timely filed a notice of appeal.

## II. ANALYSIS

A.  Standard of Review

When we review a claim that the evidence is insufficient to support a jury verdict, we examine all record evidence that was before the jury in the light most favorable to the verdict, and will reverse the jury only if the evidence points so strongly in favor of the challenging party that no reasonable juror could find against the factually-favored party.[1] We review challenges to evidentiary rulings by the trial court for abuse of discretion; and

---

[1]  Garcia v. City of Houston, 201 F.3d 672, 675 (5th Cir. 2000).

3

we review de novo a trial court's grant of a defendant's Rule 50(a) motion to dismiss a cause of action.

B.   Sufficiency of Evidence to Support Jury Verdict

We conclude that the jury's verdict in this case should not be disturbed.  Our painstaking review of the evidence in the record on appeal demonstrates that Dupre presented significantly more than a prima facie case for her contention that she was denied promotion on the basis of race, but that the Board presented persuasive evidence in support of its position that the selection of Kaufman over Dupre and three other applicants was race neutral and grounded in a valid process, both as to proceedings and decisions of the advisory committee and the ultimate hiring decision.

Dupre nevertheless contends that she demonstrated pretext in the hiring decision by the Board and the recommendations of the Advisory Committee.  Keeping in mind that we are not reviewing a dismissal of summary judgment but the fact-finding of a jury that heard and weighed all the evidence, pro and con, during the course of a multi-day trial, we cannot say that the jury ignored a preponderance of the evidence or that the evidence stands so strongly against the Board and in favor of Dupre that no reasonable juror or jury could reach a verdict adverse to her.  Credibility calls and assignment of weight and probative value to evidence are the exclusive province of the jury, and the verdict reached in the instant case demonstrates that the jury dutifully followed the proper process.   Over and above the cold, subjective list of

4

qualifications and experience was a plethora of subjective evidence and opinion testimony supporting Kaufman over Dupre. It is not enough that we or the trial court might have reached a different result; it suffices that under either of the highly deferential standards of review that might be applicable here, reversal of the jury's verdict is not indicated.

C. Defendant's Exhibit No. 1

Dupre complains that the court's admission of the Board's Exhibit No. 1 was reversible error, noting that it was (1) created by the Board's superintendent who was one of the three members of the hiring committee and thus was suspect; (2) lacked adequate statistical support; and (3) was prepared by a person lacking the requisite expertise. The exhibit contained data concerning the racial make-up of the assistant principal/principal corps in the parish's school system, year by year, over the course of many years. One of the theories of Dupre's case was that there was an unwritten understanding about black schools and white schools for purposes of assigning principals and assistant principals, maintaining an 11:11 ratio. She even contended that her theory is supported by the testimony of the very superintendent who prepared the contested exhibit, as well as by the exhibit itself. When this evidentiary challenge is viewed in light of the record and the arguments advanced by able counsel in their appellate briefs, we can discern no abuse of discretion in the trial court's admission of the Board's Exhibit No. 1. After all, Dupre has never even

5

insisted that the exhibit is incorrect; indeed, her Exhibit 52 reflects essentially the same information —— and it too was prepared by the superintendent.

D.  <u>Dismissal of Claim for Intentional Infliction of Emotional Distress</u>

Dupre insists further that this state law tort claim should have been left to the jury. Our review of the applicable statutes and jurisprudence from Louisiana as well as our previous pronouncements regarding this particular cause of action satisfies us that dismissal was proper. First, examination of the evidence adduced by Dupre does not portray acts by the Board, the school district, or those acting for them, that rise to the extreme and outrageous level of behavior required to sustain such a cause of action. Moreover, when the entire record is viewed in context, including the evidence adduced by the Board, even a decision contrary to the jury's on Dupre's federal claims would not support the state tort of intentional infliction of emotional distress. And, albeit in retrospect, this conclusion is confirmed by the jury's ultimate finding that Dupre suffered no intentional racial discrimination when she was not selected as principal of the School. Absent that, her state tort claim could not possibly have succeeded. Given the totality of the circumstances, we reject Dupre's assertion that the trial court's dismissal of her state law tort claim was reversible error.

E.  <u>Evidence of Dupre's Medical History</u>

Dupre asserts that the district court committed error, in violation of Federal Rules of Evidence 402 and 403, by allowing the Board to cross-examine Dupre about her mental and physical problems, and allowing the Board to put on the testimony of a psychiatrist who examined Dupre. Conceding the accuracy of her history of medical and psychiatric problems but contending that none of the factors interfered with her job performance and that no evidence to that effect was adduced, Dupre describes the efforts of the Board in this regard as intentionally misleading the jury to believe that her medical history somehow justified denying her promotion, not as relevant to the issue of damages, as the defense argues. Dupre thus contends that the evidence was irrelevant under Rule 402 and unfairly prejudicial under Rule 403.

In addition to disagreeing with her characterization of its cross-examination of Dupre and the testimony of the physician, the Board notes that much of the contested evidence was adduced outside the presence of the jury, adding (correctly) that the jury cannot be prejudiced by what it does not hear. Also contending that Dupre did not timely object to her cross-examination, the Board goes on to argue that the evidence was nevertheless relevant, given her claim for emotional distress and allegation of internal medical problems, to which her testimony on cross and the testimony of the examining psychiatrist are clearly relevant. Again, our review of the court's rulings on this evidentiary issue satisfies us that the deferential standard of abuse of discretion has not been met.

7

### III. <u>CONCLUSION</u>

Mindful of the jury's role as fact-finder, which includes weighing conflicting evidence and determining credibility of witnesses, we cannot say that when the record on appeal is viewed as a whole, there is insufficient evidence to support the jury's rejection of Dupre's claim of intentional discrimination in employment based on race.  We conclude that the court's evidentiary rulings did not constitute abuse of discretion and that it correctly granted a judgment of dismissal as a matter of law, removing from the jury consideration her state law tort claim of intentional infliction of emotional distress.  The verdict of the jury and the judgment of the district court based on it, are, in all respects,

AFFIRMED.